UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PABLO AND LETICIA SILVA, | No. 2:11-cv-03125-MCE-JFM |
| Plaintiffs, | |
| v. | MEMORANDUM AND ORDER |
| SAXON MORTGAGE SERVICES INC., ET AL. | |
| Defendants. | |

----oo0oo----

Before the Court is Defendant Saxon Mortgage Services Inc.'s ("Saxon") Motion to Dismiss Plaintiffs' Complaint ("MTD") (ECF No. 4.)[1]  For the reasons set forth below, the Motion is granted with leave to amend.

///
///
///
///

---

[1] Because oral argument would not be of material assistance, the Court ordered this matter submitted on the briefs.  E.D. Cal. Local Rule 78-230(h).

1

**BACKGROUND**

Plaintiffs Pablo and Leticia Silva ("Plaintiffs") allege that, in November 2004, they inquired about obtaining a 30-year fixed rate, low-interest loan from First Franklin, a mortgage broker, for the real property located at 337 Falcon Drive in Vallejo, California ("the Subject Property").[2] (Complaint ("Compl."), ECF No. 1, Ex.1 at ¶¶ 12 an 33.) Plaintiffs informed First Franklin about their limited ability to speak, read and understand English. (Id. at ¶ 34.) As a result, all loan negotiations were conducted in Spanish. (Id.) After Plaintiffs informed First Franklin about their monthly income, First Franklin stated that Plaintiffs would be eligible for a 30-year fixed rate, low-interest home loan. (Id. at ¶ 34.) According to Plaintiffs, First Franklin's representative also stated that Plaintiffs' payments would be less than a thousand dollars per month including principal, interest, taxes, and insurance on the Subject Property, which they ultimately purchased for $389,000.[3] (Id. at ¶¶ 18, 41.)

///
///
///

---

[2] The following facts are taken from Plaintiffs' Complaint. (ECF No. 1, Exs. 1 & 2.) For the purposes of this Motion, the Court accepts Plaintiffs' facts as true and makes all inferences in the light most favorable to Plaintiffs.

[3] Plaintiffs allege that in their loan application documents, and without their knowledge or consent, First Franklin falsified information, in particular that Plaintiffs' combined total monthly income was $6,534.17. (Id. at ¶¶ 19, 57.)

Plaintiffs allegedly informed First Franklin that they wanted to go over the loan documents in Spanish. (Id. at ¶ 42.) However, on January 12, 2005, First Franklin "pressured" Plaintiffs to sign the loan documents, which were written in English and no translation was provided by First Franklin. (Id. at ¶ 43-45.) Before Plaintiffs signed the loan application, First Franklin confirmed that Plaintiffs would receive a 30-year loan with a fixed interest rate of 6.25%. (Id. at ¶ 38.)

Plaintiffs contend that, unbeknownst to them, the actual terms of the loan were different from the terms promised by First Franklin. (Id. at ¶¶ 40, 48-49.) In particular, instead of a fixed rate loan with a 6.25% interest rate, First Franklin gave Plaintiffs a variable rate loan.[4] (Id. at ¶ 48.) Moreover, the loan agreement included broker's fees in the amount of $2,927.14, which allegedly were much higher than either promised or acceptable. (Id. at ¶ 49.) Plaintiffs also allege that they were not presented with any loan documents prior to the closing and that neither the terms of the loan, nor the mortgage loan transaction process, were ever explained to them. (Id. at ¶¶ 46-47.) First Franklin merely explained to them that the loan documents were consistent with what Plaintiffs had been promised. (Id. at ¶¶ 50-53.) Plaintiffs contend that they would not have signed the loan documents had they known the true loan terms. (Id. at ¶ 54.)

---

[4] According to Plaintiffs' loan application, attached to the Complaint as Exhibit A, the loan was approved on a total combined monthly income of $6,534.17. Under the terms of the loan, Plaintiffs' monthly payments were set as follows: (1) initial 24 payments of $2,556.45; (2) subsequent 335 payments of $3,174.45; and (3) one final payment of $3,178.26.

3

1  Further, the underwriter allegedly approved the loan based
2  largely, if not solely, upon First Franklin's false
3  representation of Plaintiffs' income.  (Id. at ¶¶ 58, 61.)
4      Subsequent to the funding of the loan, and the recording of
5  the Note and Deed of Trust, First Franklin allegedly sold the
6  loan to Defendant Saxon.  (Id. at ¶ 66.)  Plaintiffs contend
7  that, as a purchaser of the loan, Saxon stands in First
8  Franklin's shoes and has assumed First Franklin's liability
9  arising out of the loan origination.  (Id. at ¶ 66.)
10     In 2011, Plaintiffs filed this action in state court against
11 Saxon and Regional Service Corporation ("Regional") seeking
12 redress for state-law claims arising from the origination of
13 their home mortgage and pending foreclosure proceedings.[5]  Saxon
14 thereafter removed the matter to this Court pursuant to 28 U.S.C.
15 § 1332 (diversity jurisdiction).  Presently before the Court is
16 Saxon's motion to dismiss for failure to state a claim pursuant
17 to Rule 12(b)(6).  In the alternative, Saxon moves for a more
18 definite statement under Rule 12(e).  Regional filed a joinder to
19 Saxon's motion to dismiss.
20 ///
21 ///
22 ///
23 ///
24 ///

---

[5] The only factual allegation in the Complaint relevant to Regional is that Regional is the Trustee or acts as agent for the Trustee or beneficiary under the Deed of Trust on Plaintiffs' property, and that Regional acts as one of Saxon's agents. (Compl. at ¶ 3.)

4

1  Plaintiffs' Complaint raises the following fifteen Claims:
2  (1) Violation of Cal. Civ. Code § 2923.5; (2) Negligence;
3  (3) Negligence Per Se; (4) Intentional Infliction of Emotional
4  Distress; (5) Violation of Cal. Civ. Code § 1632; (6) Violation
5  of Cal. Bus. & Prof. Code § 17200; (7) Breach of Fiduciary Duty;
6  (8) Breach of Implied Covenant of Good Faith and Fair Dealing;
7  (9) Unconscionability; (10) Violation of Cal. Civil Code
8  §§ 1918.5-1921; (11) Violation of Cal. Bus. & Prof. Code
9  § 10241.3; (12) Fraud and Conspiracy to Commit Fraud; (13) Claim
10 to Determine Nature, Extent and Validity of the Lien; (14) Quiet
11 Title; and (15) Declaratory Relief.  (Compl. at pages 1-2.)

## STANDARD FOR 12(B)(6) MOTION TO DISMISS

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996).  Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 554-55 (2007) (internal citations and quotations omitted).

///
///
///
///

5

Though "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555 (internal citations and quotations omitted). A plaintiff's factual allegations must be enough to raise a right to relief above the speculative level. Id. (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004) ("The pleading must contain something more. . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action")).

Moreover, "Rule 8(a)(2) . . . requires a 'showing,' rather than a blanket assertion of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." Twombly, 550 U.S. at 555, n.3 (internal citations omitted). A pleading must contain "only enough facts to state a claim to relief that is plausible on its face." Id. at 570; see also Ashcroft v. Iqbal, 556 U.S. 662, 677-679 (2009). If the "plaintiffs . . . have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Twombly, 550 U.S. at 570; Iqbal, 556 U.S. at 680.

///
///
///
///

A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend. Rule 15(a) empowers the court to freely grant leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of . . . the amendment, [or] futility of the amendment. . . ." Foman v. Davis, 371 U.S. 178, 182 (1962). Leave to amend is generally denied when it is clear the deficiencies of the complaint cannot be cured by amendment. DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992); Balistieri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990) ("A complaint should not be dismissed under Rule 12(b)(6) unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.")(internal citations omitted).

## ANALYSIS

**A.   Saxon As Successor-in-Interest to First Franklin: Claims 2, 4, 5, 6, 7, 8, 9, 10, 11 and 12**

   **1.   Parties' Contentions**

In its Motion to Dismiss, Saxon makes an overarching argument that Plaintiffs' allegations of predatory lending practices and associated wrongful conduct committed by First Franklin cannot be attributed to Saxon. (MTD at 6-8.)

///
///

7

Saxon argues that Plaintiffs' blanket allegation that Saxon is the successor-in-interest to First Franklin, unsupported by any factual allegations, is insufficient to make Saxon liable for First Franklin's alleged wrongdoing. (Id. at 6.)  Saxon claims that it is a loan servicing company for Plaintiffs' current lender and is not a successor-in-interest to First Franklin. (Id. at 7.)  Furthermore, in its Joinder to Saxon's Motion, Regional contends that almost all of Plaintiffs' claims are premised entirely on lending of which Regional, as a trustee, had no involvement. (Joinder to MTD, ECF No. 6 at 2-3.)

In their opposition, Plaintiffs argue that they rightfully named Saxon as a defendant in this action because "Saxon and the 'current lender' worked together as one body enforcing its purported rights' and 'Saxon has always and continues to hold itself out as an agent of the 'current lender.'"  (Pls.' Opp. at 2-3.)

## 2.  **Analysis**

The Complaint's allegations are insufficient to plausibly demonstrate that Saxon is a successor-in-interest to First Franklin for Plaintiffs' predatory lending claims.  Under California law, "a successor company has liability for a predecessor's actions if: (1) the successor expressly or impliedly agrees to assume the subject liabilities . . . ,
///
///
///

8

(2) the transaction amounts to a consolidation or merger of the successor and the predecessor, (3) the successor is a mere continuation of the predecessor, or (4) the transfer of assets to the successor is for the fraudulent purpose of escaping liability for the predecessor's debts." Center Point Energy, Inc. v. Superior Ct., 157 Cal. App. 4th 1101, 1120 (2007). Plaintiffs' Complaint does not contain any plausible successor-in-interest theory that would make Saxon liable for wrongdoing of First Franklin.  The Complaint merely states that Saxon is sued as a successor-in-interest of First Franklin, and that Saxon bought the subject loan from First Franklin.  Nothing in the Complaint plausibly suggests that Saxon has/had an agency relationship with either First Franklin or Plaintiffs' current lender.  In fact, the Complaint does not even name Plaintiffs' current lender. Thus, Plaintiffs' allegations are insufficient to state a claim arising out of the loan origination against Saxon. See Pajarillo v. Bank of America, 2010 WL 4392551, at *2 (S.D. Cal. Oct. 28, 2010) (concluding that a statement that Bank of America "is sued as a successor-in-interest to Countrywide Bank" is insufficient, by itself, to impose liability upon Bank of America); Maine State Retirement System v. Countrywide Financial Corp., 2011 WL 1765509, at *8 (C.D. Cal. Apr. 20, 2011) (concluding that a statement that the original lender sold "substantially all of its assets" to a named defendants is insufficient to plead successor liability without factual allegations in support of the defendant's successor-in-interest status).

///

1  Furthermore, such conclusory allegations fail to satisfy
2  Rule 8(a)'s pleading requirements as interpreted by the Supreme
3  Court in Iqbal and Twombly.  See, e.g., Twombly, 550 U.S. at 555
4  (noting that a plaintiff's factual allegations must be enough to
5  raise a right to relief above the speculative level).
6      Because Plaintiffs' allegations are insufficient to
7  plausibly demonstrate that Saxon is a successor-in-interest to
8  First Franklin, their claims arising out of the origination of
9  the subject loan, namely Claims 2, 4, 5, 6, 7, 8, 9, 10, 11 and
10 12, fail to state a claim against Defendant Saxon.
11     Furthermore, in their opposition, Plaintiffs have failed to
12 address Regional's contention that almost all of Plaintiffs'
13 claims are premised entirely on lending of which Regional, as a
14 trustee, had no involvement.  Because Plaintiffs have failed to
15 allege that Regional, as a trustee, is liable for any wrongful
16 actions of First Franklin, Plaintiffs' claims arising out of the
17 loan origination, again Claims 2, 4, 5, 6, 7, 8, 9, 10, 11 and
18 12, fail to state a claim as to Regional.
19     The Court therefore dismisses, with leave to amend, Claims
20 2, 4, 5, 6, 7, 8, 9, 10, 11 and 12, on the basis that they fail
21 to plausibly demonstrate that Saxon is a successor-in-interest to
22 First Franklin, or that Regional, as a trustee, is liable for any
23 wrongful actions of First Franklin.
24 ///
25 ///
26 ///
27 ///
28 ///

Although the Court does not address the merits of those Claims now, Plaintiffs are reminded that each of these claims must satisfy Federal Rules of Civil Procedure 8(a)'s pleading standards articulated by the U.S. Supreme Court in <u>Iqbal</u> and <u>Twombly</u>.[6]  The Court therefore turns to a discussion of Claims 1, 3, 13, 14 and 15.

**B.   Claims 1, 3, 13, 14 and 15**

    **1.   First Cause of Action: Violation of California Civil Code § 2923.5**

Pursuant to Cal. Civ. Code § 2923.5, a mortgagee, trustee, beneficiary, or authorized agent is required, prior to filing a notice of default, "to contact the borrower in person or by telephone in order to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure."  The lender may not file the notice of default until 30 days after this initial contact is made or 30 days after satisfying § 2923.5(g)'s due diligence requirements.  Cal. Civ. Code § 2923.5(a)(1).  A lender satisfies the due diligence requirement if it was not able to contact the borrower after (1) sending a letter with certain information; (2) then calling the borrower "by telephone at least three times at different hours and on different days"; (3) if the borrower does not respond within two weeks after the telephone calls, sending a certified letter, with return receipt requested;

---

[6] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

11

1  (4) providing a toll-free telephone number that will provide
2  access to a live representative during business hours; and
3  (5) posting a prominent link on the lender's homepage with
4  certain information.  Id. § 2923.5(g).  A filed notice of default
5  shall include a declaration that the mortgagee, beneficiary, or
6  authorized agent has contacted the borrower, has tried with due
7  diligence to contact the borrower, or that no contact was
8  required pursuant to § 2923.5(h).  Id. § 2923.5(b).

9  California courts have recognized a private right of action
10 under § 2923.5 and have held that this right is not preempted by
11 federal law.  Mabry v. Superior Court, 185 Cal. App. 4th 208,
12 214, 225-30 (2010).  However, the only available remedy under
13 § 2923.5 is a postponement of the foreclosure sale until the
14 lender complies with § 2923.5.  Id. at 214, 231-32.

15 Defendants contend that "Plaintiffs have not and cannot
16 truthfully assert factual allegations that Saxon did not make a
17 telephone call or send a letter to Plaintiffs to explore work out
18 options short of foreclosure."  (MTD at 20.)  Contrary to
19 Defendants' contention, Plaintiffs have sufficiently alleged that
20 Saxon and Regional failed to comply with § 2923.5 by stating that
21 "Defendants neither contacted nor attempted to contact Plaintiffs
22 prior to filing the NOD [Notice of Default] or commencing
23 foreclosure proceedings."  (Compl. ¶ 78.)  While the Notice of
24 Default attached to the Complaint as Exhibit F states that the
25 mortgagee, beneficiary, or authorized agent has complied with
26 Cal. Civ. Code § 2923.5, the Complaint's allegations to the
27 contrary are sufficient to defeat a motion to dismiss.
28 ///

12

1     Defendants further argue that Plaintiffs' claim under
2 § 2923.5 is premature because the foreclosure sale has not been
3 held or even scheduled yet.  (MTD at 20.)  Contrary to
4 Defendants' contention, § 2923.5 explicitly states that the
5 lender or its agent may not file the <u>notice of default</u> until 30
6 days after contacting the borrower or 30 days after satisfying
7 § 2923.5(g)'s due diligence requirements.  A statutory violation
8 occurs and a borrower's cause of action arises when a lender or
9 its agent files a notice of default without complying with
10 § 2923.5's requirements.  Nothing in § 2923.5 requires a borrower
11 to wait until the lender or its agent files a notice of sale.
12 Moreover, a borrower's cause of action under § 2923.5 disappears
13 as soon as the property is sold at a foreclosure sale.  <u>See</u>
14 <u>Mehta v. Wells Fargo Bank, N.A.</u>, 737 F. Supp. 2d 1185, 1194 (S.D.
15 Cal. 2010) ("Plaintiff's ability to raise [§ 2923.5] challenge
16 expired on the date of the sale of his property."); <u>Davenport v.</u>
17 <u>Litton Loan Servicing, LP</u>, 725 F. Supp. 2d 862, 877-78 (N.D. Cal.
18 2010) ("As the . . . property was already sold at foreclosure, it
19 does not appear that any remedy remains under the [§ 2923.5].").
20     Thus, Plaintiffs have sufficiently alleged a violation of
21 Cal. Civ. Code § 2923.5.  Accordingly, Defendants' motion to
22 dismiss Plaintiffs' first claim is denied.
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

## 2. Third Cause of Action: Negligence Per Se

Plaintiffs allege that violations of Cal. Civil Code §§ 2924, 2934a(c) and 2934a(d) by Defendants is negligence per se.[7] (Compl. at ¶¶ 91-101.) Specifically, Plaintiffs allege that the Substitution of Trustee is statutorily defective because it fails to comply with Cal. Civ. Code § 2943a(d) by allowing an unauthorized party to issue the Notice of Default. (Id. at ¶ 93.)

Pursuant to Cal. Civ. Code § 2924(a)(1), the trustee, mortgagee, or beneficiary, or any of their authorized agents have the right to file a notice of default in the county recorder's office. Regional, even if not yet a recorded trustee, acted as at least an authorized agent for the beneficiary, as clearly stated in the recorded Notice of Default, and thus had a right to file the Notice of Default. In fact, Plaintiffs themselves allege that Regional is a corporation "acting as agent for the Trustee or beneficiary." (Compl. ¶ 3.)

Plaintiffs further allege that a copy of the Substitution of Trustee was not mailed prior to/or concurrently with the Notice of Default and no affidavit was attached to the Substitution indicating that notice had been given to Plaintiffs as required by §§ 2924b and 2934a(c). (Id. at ¶ 93.)

---

[7] To the extent that this Claim incorporates Plaintiffs' Fifth Cause of Action allegations that Plaintiffs violated Cal. Civil Code § 1632 by failing to provide them with Spanish translations of their loan documents, this claim fails because, as discussed in Section A, above, Plaintiffs have not demonstrated that Saxon is a successor-in-interest to First Franklin, or that Regional, as a trustee, is liable for any wrongful actions of First Franklin.

14

1  In its Joinder to Reply, Regional argues that, if the
2  substitution of Trustee is effected after the Notice of Default,
3  the substitution has to be mailed to borrowers prior to or
4  concurrently with the Notice of Trustee's Sale not the Notice of
5  Default.  (ECF No. 21.)  In support of its argument, Regional
6  relies on the language of Cal. Civ. Code § 2934a(b), which was in
7  effect until January 1, 1998.  (Id.)

8     In the current version of § 2934a, the subsection cited by
9  Regional appears as subsection (c) and states: "If the
10 substitution is effected <u>after a notice of default has been</u>
11 <u>recorded but prior to the recording of the notice of sale</u>, the
12 beneficiary or beneficiaries or their authorized agents shall
13 cause a copy of the substitution to be mailed, prior to, or
14 concurrently with, the recording thereof, . . . to all persons to
15 whom a copy of the notice of default would be required to be
16 mailed by the provisions of Section 2924b.  An affidavit shall be
17 attached to the substitution that notice has been given to those
18 persons and in the manner required by this subdivision."  Cal.
19 Civ. Code § 2934a(c).

20    Thus, contrary to Plaintiffs' argument, a copy of the
21 Substitution of Trustee can be mailed to them after the notice of
22 default is recorded, but before the recording of the notice of
23 sale.  According to the Complaint, there has been no notice of
24 sale recorded in the instant case.

25    Thus, Plaintiffs have not stated a viable claim for a
26 statutory violation of Cal. Civil Code §§ 2924 and 2934 and their
27 third cause of action is dismissed.
28 ///

15

### 3. Thirteenth Cause of Action: Claim to Determine Nature, Extent and Validity of Lien

Plaintiffs allege that the Deed of Trust is voidable because there is no enforceable underlying Promissory Note for the Deed of Trust to secure. (Compl. at ¶ 163.) According to Plaintiffs, none of Defendants possess the original Note nor did Defendants ever take actual possession of the original Note, thus failing to comply with California Government Code § 9313. (Id. at ¶ 165.) Plaintiffs further allege that the Substitution of Trustee supporting the allegations by Regional that it has been authorized to foreclose on Plaintiffs' property does not comply with Cal. Civ. Code §§ 2924 et seq. (Id. at ¶¶ 162-67.)

The discussion pertaining to Plaintiffs' third cause of action above demonstrates that Plaintiffs' claim for statutory violation of Cal. Civ. Code § 2924 fails. Plaintiffs' argument that Defendants' non-possession of the original Promissory Note somehow affects the validity of the lien similarly fails. California law does not require possession of the note as a precondition to non-judicial foreclosure under a deed of trust. See Spencer v. DHI Mortg. Co., Ltd., 642 F. Supp. 2d 1153, 1166 (E.D. Cal. 2009) ("Plaintiffs' failure to produce note claim is incognizable."); Sicairos v. NDEX West, LLC, 2009 WL 385855, at *3 (S.D. Cal. Feb. 13, 2009) ("Under Civil Code section 2924, no party needs to physically possess the promissory note."); Neal v. Juarez, 2007 WL 2140640, at *8 (S.D. Cal. July 23, 2007) ("[T]he allegation that the trustee did not have the original note or had not received it is insufficient to render the foreclosure proceeding invalid.").

Accordingly, Defendants' motion to dismiss Plaintiffs' thirteenth cause of action is granted.

### 4. Fourteenth Cause of Action: Quiet Title Claim

Plaintiffs allege that Saxon and Regional claim an interest in the Subject Property adverse to Plaintiffs. (Compl. at ¶¶ 168-71.) Plaintiffs seek a declaration that the title to the subject property is vested in Plaintiffs alone, and that Saxon and Regional be declared to have no right or interest in the subject property. (Id. at ¶ 171.) Defendants claim that (1) as a loan servicing company and a trustee, Defendants do not claim any interest in the subject property; and (2) Plaintiffs may not quiet title against a mortgagee until they pay off the debt secured by the mortgage. (MTD at 19.)

Under California law, a plaintiff challenging a foreclosure sale or any cause of action "implicitly integrated" with the sale is required to make a valid and viable tender of payment of the debt. Arnolds Mgmt. Corp. v. Eischen, 158 Cal. App. 3d 575, 578-79 (1984); Karlsen v. Am. Savs. & Loan Ass'n, 15 Cal. App. 3d 112, 121 (1971). "The tender rule applies to a quiet title action because the claim is implicitly integrated to the foreclosure sale." Jones v. Countrywide Homeloan, 2011 WL 2462845, at *5 (E.D. Cal. June 17, 2011) (citation omitted). Thus, a "quiet title action is doomed in the absence of Plaintiffs' tender of the full amount owed." Gjurovich v. California, 2010 WL 4321604, at *8 (E.D. Cal. Oct. 26, 2010). ///

17

Because Plaintiffs have failed to tender the amount of their debt, their quiet title claim fails. Accordingly, Plaintiffs' Fourteenth cause of action is dismissed.

### 5. Fifteenth Cause of Action: Declaratory Relief

Plaintiffs ask the Court to find the power of sale provision contained in the loan to be of no force and effect because Defendants' actions in the processing, handling and attempting foreclosure of the loan has contained numerous violations of state laws designed to protect borrowers. (Compl. at ¶¶ 172-82.) Plaintiffs further request that the title to the subject property remain in Plaintiffs' name, with the Deed of trust remaining in beneficiaries' name, during the pendency of this litigation. (Id. at ¶ 179.) Defendants contend that, because Plaintiffs have failed to adequately plead any claims in the Complaint, there is no basis for declaratory relief claim.

As analyzed above, Plaintiffs have failed to state a viable claim with respect to all their causes of actions, except for the First cause of action for violation of Cal. Civ. Code § 2923.5. However, the only available remedy under Cal. Civ. Code § 2923.5 is the postponement of the foreclosure sale until the lender complies with § 2923.5. Mabry, 185 Cal. App. at 214.

///
///
///
///
///

1  Accordingly, § 2923.5 does not provide this Court with the
2  authority to declare, as Plaintiffs request, that "the purported
3  power of sale in the loan [is] of no force and effect," or that
4  "the title to the Subject Property remain in Plaintiff's name,
5  with said Deed of Trust remaining in beneficiaries' name, during
6  the pendency of this litigation."  Therefore, Plaintiffs'
7  fifteenth claim is dismissed.

## CONCLUSION

As a matter of law, and for the reasons set forth above, Defendants' Motion to Dismiss is GRANTED as to every cause of action except the first.  Plaintiff is given leave to amend. Plaintiff shall file any amended complaint within twenty (20) calendar days of the date this Order is electronically filed.

IT IS SO ORDERED.

Dated: June 26, 2012

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE